UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL DOWNING, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-232 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| CORRECTIONS MEDICAL SERVICES ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Carson City Correctional Facility but complains of events that occurred at the Mid-Michigan Correctional Facility (STF), Florence Crane Correctional Facility (ACF), and Carson City Correctional Facility (DRF). In his *pro se* complaint, he sues Corrections Medical Services, Michigan Department of Corrections (MDOC) Director

Patricia Caruso, STF Doctor (Unknown) Jenkins, STF Doctor (Unknown) Jacobs, STF Doctor (Unknown) Coleman, ACF Doctor (Unknown) Gelabert, Riverside Correctional Facility (RCF) Doctor William Borgerding, RCF Doctor Lou Ann Dick, RCF Doctor Walter Ormes, ACF Doctor (Unknown) Barrett, STF Deputy Warden Nannette (Unknown), ACF Warden Carol Howes, ACF Deputy Warden (Unknown) Klee, ACF Assistant Deputy Warden (Unknown) Hawkins, RCF Jacklyn Jackson, RCF Julie Van Setters, ACF Nurse Mary Ann Schorphaar, ACF Nursing Supervisor C. Parker, ACF Health Care Records Department T. Cline, ACF Hearings Officer I. Rairigh, MDOC Hearings Administrator Richard Stapleton, ACF Sergeant (Unknown) Dekeyser, DRF Deputy Warden Lori Gidley, DRF Librarian Terri Halfman, Acting Chief Medical Officer Doctor Marcella Clark, DRF Physicians Assistant Kent Filsinger, and DRF Health Unit Manager Karmen Blount.

Plaintiff asserts numerous claims against Defendants for federal constitutional and state law violations from 2003 to 2006. In summary, Plaintiff alleges that (a) certain Defendants were deliberately indifferent to Plaintiff's serious medical needs by inadequately diagnosing and treating his hernia, neck and back pain, dental problems (cavities), depression, ear pain, and vision impairments; (b) certain Defendants were deliberately indifferent to Plaintiff's serious medical needs by failing to cancel Plaintiff's appointments for physical therapy when the bumpy car ride aggravated his back pain; (c) numerous Defendants were deliberately indifferent to Plaintiff's serious medical needs by failing to adequately employ dentists at the Florence Crane and Carson City Correctional Facilities; (d) certain Defendants violated Plaintiff's due process rights under the Fourteenth Amendment by finding Plaintiff guilty of an unreasonable major misconduct, which impacted his

parole[1]; and (e) Defendants Halfman and Gidley violated Plaintiff's right to access the courts under the First Amendment by refusing him law library access and copies of exhibits for this complaint. Plaintiff also asserts several state law claims, including negligence, gross negligence, fraud, blackmail, and pain and suffering. Finally, Plaintiff asserts a claim for his daughter, Heather Renee Downing, for mental anguish due to his parole denial.[2] For relief, Plaintiff requests a declaratory judgment, and compensatory and punitive damages.

## II.   Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district

---

[1]Plaintiff asserted a similar claim in *Downing v. Robitschun et al.,* No. 1:05-cv-631 (W.D. Mich.), which this Court dismissed for failure to state a claim on November 30, 2005.

[2]Plaintiff lists Ms. Heather Downing, his minor daughter, as a plaintiff in the captioned case. Plaintiff, who is proceeding *pro se*, is attempting to bring these claims on his daughter's behalf. Plaintiff's *pro se* representation of his daughter's claims, however, is not permissible. Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "in all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). The statute clearly makes no provision for a *pro se* party to represent others. The federal courts have long held that section 1654 preserves a party's right to proceed *pro se*, but only with respect to his own claims. Only a licensed attorney may represent other persons. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *Shephard v. Wellman,* 313 F.3d 1016, 1021 (6th Cir. 2002). Consequently, in a § 1983 action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shephard,* 313 F.3d at 970. Therefore, this Court does not consider Ms. Downing to be a proper plaintiff.

court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[3] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff filed a total of eighteen grievances concerning the claims asserted in his complaint. While Plaintiff described with specificity the Step I, Step II and Step III grievance

---

[3]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff used the form complaint in this action.

decisions, he failed to provide the Court with any copies of his Step I, Step II and Step III grievances[4] or allege that he identified any of the Defendants, except for Defendant Dekeyser,[5] in Step I grievances in his complaint. "[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff's failure to allege or show that he named the Defendants in a Step I grievance alone precludes a finding of exhaustion. *Burton*, 321 F.3d at 576 n.4 (claim of retaliation, which was initially raised by prisoner in Step II of the grievance process, was not administratively exhausted). Without any evidence from Plaintiff that he identified any of the Defendants besides Defendant Dekeyser in any administrative proceeding or that he exhausted his administrative remedies with respect to each of those Defendants, Plaintiff is unable to establish with particularity that he exhausted his available administrative remedies against those Defendants. Even though Plaintiff exhausted his claim against Defendant Dekeyser, his complaint still fails under the total exhaustion rule. A civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion. *Rinard v. Luoma,* 440 F.3d 361, 363 (6th Cir. 2006); *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of his available administrative remedies.

---

[4]Plaintiff alleges that the prison refused to make copies of exhibits for his complaint. Assuming that Plaintiff intended to include copies of his Step I, Step II and Step III grievances, he still could have described with specificity those administrative proceedings in his complaint so the Court could determine what claims, *Knuckles El*, 215 F.3d at 642, and what defendants, if any, had been exhausted, *Curry*, 249 F.3d at 505.

[5]In his complaint, Plaintiff states that Defendant Dekeyser refused to allow Plaintiff to leave the law library when he was experiencing severe back pain in Grievance No. ACF-05-03-325-18B. Pl.'s Compl. at 29. Plaintiff alleges that he appealed the grievance to Step III. Pl.'s Compl. at 2, 5 & 8. Therefore, Plaintiff satisfied the exhaustion requirement as to Defendant Dekeyser.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

### III.     Motion for Order to Show Cause

In his motion for order to show cause (docket #7), Plaintiff moved for a temporary restraining order and preliminary injunction to enjoin Defendants from denying him medical

treatment for his ear pain. Because the Court finds that Plaintiff's action must be dismissed for failure to exhaust administrative remedies, the motion will be denied as moot.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: June 12, 2006                                         /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE