UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL DOWNING,

        Plaintiff,                         Case No.  1:06-CV-232

v.                                        Hon. Robert J. Jonker

CORRECTION MEDICAL SERVICES
INC., et al.,

        Defendants.
_____/

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation (docket # 121) addressing three defense motions seeking summary judgment on a variety of exhaustion issues.  Plaintiff has not objected to the Report.  Defendants have filed objections (docket ## 125, 126).  When a party objects to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review of the record here, the Court finds the Report and Recommendation is factually sound and legally correct.

The Report and Recommendation carefully parses each of 29 separate grievances submitted with the defense motions, finding exhaustion in some cases, but not others. The defense objects to several conclusions in which the Magistrate's Report found exhaustion.[1] However, in each instance,[2] Defendants' objections fail to come to grips with the Magistrate Judge's point that the Defendants cannot rely in this Court on an assertion of procedural default–whether from untimeliness, failure to name individual defendants or any other failure to comply with MDOC policies–when they did not invoke and rely on the procedural default in the grievance process itself. Indeed, Defendants' objections do not even address this point directly. Instead, they obliquely touch on it, but only by mischaracterizing the actual conclusion of the Report. According to Defendants, the Magistrate's Report penalizes the Defendants for "process[ing]" the grievances (docket # 125 at 13). But this is not at all what the Report concludes. Of course the Defendants must properly process the grievances, and nothing in the Report penalizes Defendants for doing so. The critical

---

[1] Actually, the Defendants' Objections also include discussion of several grievances on which the Magistrate Judge found no exhaustion (Grievance Nos. ACF-028C; ACF-012D1; OTF–2005-0-14F; OTF-2006-02-0075-12I; and OTF-2006-05-304-18A); or partial exhaustion (Grievance No. OTF-2006-03-0149-12G). It is not clear to the Court why Defendants addressed these items in their objections.

[2] The grievances on which the Magistrate Judge found exhaustion, and to which Defendants object are: Grievance Nos. STF-2003-07-361-12; ACF-2004-08-529-12A2; ACF-2004-08-699-12E1; ACF-2005-02-125-28I; ACF-2005-03-325-18B; OTF-2006-03-149-12G (as to Defendant Beardslee only).

question here is whether in processing them, the Defendants actually invoke the procedural bar, or choose instead to dispose of the grievance on the merits.  When the Defendants choose not to invoke the procedural bar in the grievance process, and proceed to the merits instead, they cannot rely on the procedural flaw in this Court.  The Defendants and the authority they cite fail to address this properly supported conclusion in the Magistrate's Report.

The Magistrate's Report and Recommendation also addresses various motions and issues other than exhaustion.  No party has filed objections to the Report's conclusion on these other points.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed November 8, 2007, is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by the CMS Defendants (docket # 65) and the State Defendants (docket # 74) are **GRANTED IN PART and DENIED IN PART**.  Defendant Borgerding's motion for summary judgment (docket # 80) is **GRANTED**.  Defendants William Borgerding, Lou Ann Dick, (Unknown) Klee, (Unknown) Hawkins, Julie Van Setters, (Unknown) Cline, Richard Stapleton, and Nanette Norwood are **DISMISSED** for lack of exhaustion.  Defendants (Unknown) Jacobs, Jacklyn Jackson, C. Parker, I. Rairigh, and Marcella Clark are **DISMISSED** without prejudice for lack of service.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss for lack of prosecution (docket # 114 and # 116) are **DENIED**.


Dated:   February 26, 2009              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE